UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROBERT HAMILL,

                Plaintiff,

- against -

PRUDENTIAL INSURANCE COMPANY OF
AMERICA d/b/a PRUDENTIAL FINANCIAL,

                Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**

11-CV-1464 (SLT) (CLP)

**TOWNES, United States District Judge:**

On February 14, 2011, Plaintiff Robert Hamill commenced this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., seeking reinstatement of his long-term disability ("LTD") benefits allegedly due under the employee benefits plan sponsored by his employer. Defendant Prudential Insurance Company of America d/b/a Prudential Financial ("Prudential") is the claims administrator of the disability plan. Plaintiff initially filed this action in New York Supreme Court, Richmond County, and on March 25, 2011, Prudential removed the action to this Court. (Docket No. 1).

Prudential now seeks an order declaring that the arbitrary and capricious standard of review applies to its decisions regarding Hamill's LTD benefits and that even if the de novo standard applies, the Court is limited to considering the administrative record. (Docket No. 21). On July 18, 2012, this Court referred Prudential's motion to Magistrate Judge Cheryl L. Pollak for a report and recommendation ("R&R"). (Docket No. 27). In an R&R dated September 28, 2012, Judge Pollak recommended that the denial of Hamill's benefits be reviewed de novo and granted Hamill's request for additional discovery, to the extent such material is not contained in the administrative record. (Docket No. 30). Prudential filed timely objections as to both issues,

(Docket No. 32), and Hamill has responded by resting on his original arguments, (Docket No. 33). The Court presumes the parties' familiarity with the facts in this case. For the reasons set forth below, the Court adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1) and denies Prudential's motion for a declaratory judgment.

## I. STANDARD OF REVIEW FOR R&R

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). After performing this inquiry, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Where no objection has been filed, however, the district court "need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001).

## II. DISCUSSION

### A. Prudential's Objections

Prudential argues that the R&R "was clearly erroneous and contrary to law" because (1) the proper standard of review is arbitrary and capricious, not de novo; and (2) Judge Pollak should have limited Hamill's discovery to the administrative record. (Obj. at 1). Specifically, Prudential argues that the Court "must review all of the documents setting forth the plan terms," including the Summary Plan Description ("SPD"), to determine whether the plan sponsor has conferred discretionary authority on the plan administrator, Prudential, to determine benefits eligibility. (Obj. at 2-3). Prudential takes the position that "the terms of the SPD granting

2

discretionary authority" should be considered because "the SPD is one of the Plan documents and does not conflict with the other plan documents." (Obj. at 16). Additionally, Prudential argues that Hamill has not shown he is entitled to discovery beyond the administrative record in this case, regardless of the applicable standard of review. (Obj. at 18).

## 1. ERISA Standard of Review

Under 29 U.S.C. § 1132(a)(1)(B), a party may sue to recover benefits due under an employee benefit plan. Courts review a denial of benefits de novo "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). If the plan provides the administrator with such discretion, courts "will not disturb the administrator's ultimate conclusion unless it is 'arbitrary and capricious.'" Hobson v. Metropolitan Life Ins. Co., 574 F.3d 75, 82 (2d Cir. 2009). The plan administrator has the burden of proving it has discretion and "ambiguities are construed in favor of the plan beneficiary." Durham v. Prudential Ins. Co. of America, No. 12 Civ. 1890 (WHP), 2012 WL 3893604, at *1 (S.D.N.Y. Aug. 28, 2012) (citing Krauss v. Oxford Health Plans, Inc., 517 F.3d 614, 622 (2d Cir. 2008)); see also Kinstler v. First Reliance Standard Life Ins. Co., 181 F.3d 243, 252 (2d Cir. 1999) ("Since clear language can be readily drafted and included in policies . . . courts should . . . decline to search in semantic swamps for arguable grants of discretion."). As a general matter, "language that establishes an objective standard does not reserve discretion, while language that establishes a subjective standard does." Krauss, 517 F.3d at 622. The Second Circuit has explained that "[a] reservation of discretion need not actually use the words 'discretion' or 'deference' to be effective, but it must be clear." Nichols v. Prudential Ins. Co. of America, 406 F.3d 98, 108 (2d Cir. 2005). Moreover, the Supreme Court has recently held that "summary documents," such as an SPD, "important as they are, provide communication with

3

beneficiaries <u>about</u> the plan, but that their statements do not themselves constitute the <u>terms</u> of the plan for purposes of § 502(a)(1)(B)." <u>CIGNA Corp. v. Amara</u>, 131 S. Ct. 1866, 1878 (2011) (emphasis in original).

### a. SPD

As provided in 29 U.S.C. § 1022(a), plan administrators must furnish participants and beneficiaries with a SPD "written in a manner calculated to be understood by the average plan participant" and "sufficiently accurate and comprehensive to reasonably apprise [them] of their rights and obligations under the plan." In this case, the SPD states, in relevant part, that Prudential:

> has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary or capricious.

(Aff. of Jenny Coppola, dated Feb. 7, 2012, at PRU ("PRU") 0055). In its objections to the R&R, Prudential urges the Court to consider the SPD as part of the plan "as a whole." (Obj. at 3, 7-8). It is important to note, however, that the Group Contract specifically provides that the "entire" contract includes "(1) the Group Insurance Certificate(s) listed in the Schedule of Plans," and "(2) all modifications . . . to such Group Insurance Certificates." (PRU 0007). As Judge Pollak correctly observed, (R&R at 9-10), not only is the SPD absent from this list, but the SPD itself explicitly states that it "is not part of the Group Insurance Certificate," (PRU 0053). For this reason, and those discussed below, the Court is not persuaded by Prudential's argument that the SPD document is part of the plan "as a whole."

### b. Plan Terms

"After <u>Amara</u>, to the extent that the language of a 'plan summary' conflicts with the actual terms of the plan, the terms of the plan control." <u>Schussheim v. First Unum Life Ins. Co.</u>, No. 09 Civ. 4858 (DRH) (GRB), 2012 WL 3113311, at *3 (E.D.N.Y. July 31, 2012). Prudential

4

takes the position that "Amara's holding is not relevant here because there is no conflict between a formal plan document and a simplified [SPD]." (Obj. at 15). To make this logical leap, Prudential assumes that "the language of the Certificate," on its own, "sets forth the intent that Prudential be granted discretionary authority when determining benefits," which then is consistent with the terms of the SPD. (Obj. at 16). Prudential highlights the following language in the Certificate and Group Contract:

- Requirement of evidence of insurability is met "when Prudential decides the evidence is satisfactory." (PRU 0027)

- "You are disabled when Prudential determines" you are unable to perform, you are under a doctor's care, and you lose more than 20% of your earnings due to the sickness or injury. (PRU 0030)

- "After 24 months of payments, you are disabled when Prudential determines" that you are unable to perform and are under a doctor's regular care due to the sickness or injury. (PRU 0030)

- "Prudential will assess your work" by considering information from your doctors and experts of "our" choice. (PRU 0031)

- If the provisions of the Group Contact do not conform to federal or state law or regulation, it is "automatically changed to conform with Prudential's interpretation of the requirements of that law or regulation." (PRU 0008).

Prudential contends that courts have found this "general authority language . . . relevant" as being consistent with "other document's" explicit grant of discretion, but concedes that courts have found such language "not sufficient to grant discretion." (Obj. at 14 (emphasis added)). The latter concession significantly undermines Prudential's argument. See, e.g., Nichols, 406 F.3d at 109 ("The phrase 'when Prudential determines' is more troubling, but ultimately lacks sufficient indicia of subjectivity."); Kinstler, 181 F.3d at 252 (2d Cir. 1999) (finding "the word 'satisfactory,'" even in the phrase "'proof satisfactory to [the administrator]' is an inadequate way to convey the idea that a plan administrator has discretion"); Durham, 2012 WL 389360, at *2-3 (finding no grant of discretion based on language "when Prudential determines");

5

O'Sullivan v. Prudential Ins. Co. of Am., No. 00 Civ. 7915, 2001 WL 727033, at *2 (S.D.N.Y. June 28, 2001) ("[A]n adequately specified grant of discretion . . . must contain more than the phrase 'satisfactory evidence' or the word 'determines.'"). As the Second Circuit has explained, this type of language "gives Prudential the power to make the determination, but the list of specific conditions requires that such power be exercised only in accordance with objective standards." Nichols, 406 F.3d at 109. That reasoning controls here.

Faced with language that fails to confer discretion, Prudential contends that "[no] single document . . . must be read alone as representing the totality of the Plan terms," and that all the documents – including the SPD – "must be read together to discern all of the plan terms." (Obj. at 14). This argument is misplaced and Prudential's cited cases do not suggest otherwise. In Palmiotti v. Metropolitan Life Ins. Co., which pre-dates Amara, the district court found that the LTD Booklet (which contained a discretionary authority paragraph) was "explicitly" incorporated into the Master Policy as an exhibit. 423 F. Supp. 2d 288, 298 (S.D.N.Y. 2006). Having determined that the Master Policy therefore conferred discretion, the court merely observed that the SPD was "consistent" with such a conclusion. Id. at 299. Palmiotti does not stand for the proposition that an SPD is to be considered part of a plan in the first instance without explicit incorporation. Gonzales v. Unum Life Ins. Co. of America similarly fails to buttress Prudential's argument; in that case, the court found that the "plan document – the insurance policy – unambiguously delegates the discretion to determine whether an employee is eligible for [LTD]." 861 F. Supp. 2d 1099, 1108-09. (S.D. Cal. 2012) ("To assess the applicable standard of review, the starting point is the wording of the plan."). The court specifically observed that the SPD and the plan document were not "one and the same," and that the terms of the insurance policy "would control the terms." Id. at 1108 (citing Amara, 131 S. Ct. at 1878). Though both cases describe the SPD as "relevant," they look to the terms of the plan itself (and

those documents explicitly incorporated) to determine if discretion is conferred. See Shoop v. Life Ins. Co. of North America, 839 F. Supp. 2d 830, 837 (E.D.Va. 2011) (applying de novo standard because "even though the SPD states that [administrator] LINA has sole discretion to interpret the terms of the Policy, the fact that this language is not included in the Policy itself, means LINA's administrative interpretation of the Policy terms is due no deference").

In this case, the Court finds that the language in the Plan does not grant Prudential discretion and that, under Amara, the conflicting and unincorporated SPD does not alter that determination. The de novo standard therefore applies.

### 2. Discovery

Prudential also objects to Judge Pollak's decision granting Hamill's request for discovery outside the administrative record. Though included in the R&R, it is not actually a recommended ruling, but instead a ruling on discovery and is therefore reviewable pursuant to the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). An order is clearly erroneous if, based on all the evidence, a reviewing court "is left with the definite and firm conviction that a mistake has been committed." United States v. Isiofia, 370 F.3d 226, 232 (2d Cir. 2004). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Dorsett v. Cnty. of Nassau, 800 F. Supp. 2d 453, 456 (E.D.N.Y. 2011). Under this highly deferential standard, "magistrates are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 282 F.R.D. 76, 78 (S.D.N.Y. 2012) (internal bracketing omitted).

It is well-settled that "[e]ven where the de novo standard of review applies, 'the decision whether to admit additional evidence is one which is discretionary with the district court, but

those documents explicitly incorporated) to determine if discretion is conferred. See Shoop v. Life Ins. Co. of North America, 839 F. Supp. 2d 830, 837 (E.D.Va. 2011) (applying de novo standard because "even though the SPD states that [administrator] LINA has sole discretion to interpret the terms of the Policy, the fact that this language is not included in the Policy itself, means LINA's administrative interpretation of the Policy terms is due no deference").

In this case, the Court finds that the language in the Plan does not grant Prudential discretion and that, under Amara, the conflicting and unincorporated SPD does not alter that determination. The de novo standard therefore applies.

### 2. Discovery

Prudential also objects to Judge Pollak's decision granting Hamill's request for discovery outside the administrative record. Though included in the R&R, it is not actually a recommended ruling, but instead a ruling on discovery and is therefore reviewable pursuant to the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). An order is clearly erroneous if, based on all the evidence, a reviewing court "is left with the definite and firm conviction that a mistake has been committed." United States v. Isiofia, 370 F.3d 226, 232 (2d Cir. 2004). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Dorsett v. Cnty. of Nassau, 800 F. Supp. 2d 453, 456 (E.D.N.Y. 2011). Under this highly deferential standard, "magistrates are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 282 F.R.D. 76, 78 (S.D.N.Y. 2012) (internal bracketing omitted).

It is well-settled that "[e]ven where the de novo standard of review applies, 'the decision whether to admit additional evidence is one which is discretionary with the district court, but

which discretion ought not to be exercised in the absence of good cause.'" Garg v. Winterthur Life, 573 F. Supp. 2d 763, 770-71 (E.D.N.Y. 2008) (quoting DeFelice v. American Intern. Life Assur. Co. of New York, 112 F.3d 61, 66 (2d Cir. 1997)). A party may establish good cause where there is evidence the administrator was not disinterested, but the Second Circuit has strongly cautioned that "a conflicted administrator does not per se constitute good cause." Locher v. Unum Life Ins. Co. of Am., 389 F.3d 288, 296 (2d Cir. 2004). A party seeking evidence outside the administrative record must therefore show more than a structural conflict.

Importantly, "the standard for permitting discovery to supplement the administrative record in an ERISA case is far less stringent than the standard for actually considering that outside evidence when reviewing the decision of the Plan Administrator, under either the de novo or the 'arbitrary and capricious' standard." Ramsteck v. Aetna Life Ins. Co., No. 08-CV-0012, 2009 WL 1796999, at *8, n.3 (E.D.N.Y. Jun. 24, 2009) (emphasis added). In this context, a party "need not make a full good cause showing, but must show a reasonable chance that the requested discovery will satisfy the good cause requirement." Burgio v. Prudential Life Ins. Co. of Am., 253 F.R.D. 219, 230 (E.D.N.Y. 2008). Were a party required to make a full showing at this stage, he would be caught in a "vicious circle: To obtain discovery, he would need to make a showing that, in many cases, could be satisfied only with the help of discovery." Rubino v. Aetna Life Ins. Co., No. CV 07-377, 2009 WL 910747, at *4 (E.D.N.Y. Mar. 31, 2009).

In this case, Hamill has requested information regarding the backgrounds of Prudential's nurses, a deposition of the vocational expert who determined Hamill could perform certain jobs, and a deposition of the physical therapist who determined he was not permanently disabled. (Pl. Opp. at 11-12). Prudential responds that "[t]he discovery Plaintiff is seeking can be found in the administrative record" and that Hamill has not demonstrated good cause because "a physical examination is not required to deny benefits." (Def. Reply at 8). Noting that Hamill cited no

8

law in support of his request, Judge Pollak nevertheless found that in light of the asserted facts "there may have been a material inconsistency between plaintiff's capabilities and Prudential's determinations regarding the types of jobs plaintiff was capable of performing." (R&R at 21). In granting Hamill's request for additional discovery, Judge Pollak stated that there is "no way of knowing" at this stage whether the information sought is contained in the administrative record, but that if it is, "repetitive discovery will not be allowed." (R&R at 21). Having reviewed the parties' papers and Judge Pollak's reasoning on this issue, the Court concludes that the discovery decision is not clearly erroneous or contrary to law. Prudential's request to vacate the discovery order therefore is denied.

## IV. CONCLUSION

For the reasons set forth above, Defendant's objections are overruled and the Report and Recommendation (Docket No. 30) is adopted pursuant to 28 U.S.C. § 636(b)(1). Accordingly, Defendant's motion for a declaratory judgment (Docket No. 21) and request to vacate Judge Pollak's discovery order are denied in their entirety.

**SO ORDERED.**

s/ SLT

SANDRA L. TOWNES
United States District Judge

Dated: December 27, 2012
Brooklyn, New York